**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ADONIJAH LINDSAY, | : | |
| | : | Civil Action No. 16-3281 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Adonijah Lindsay's petition for a writ of habeas corpus seemingly brought pursuant to 28 U.S.C. § 2241 challenging his criminal conviction and sentence. (ECF No. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice and permit Petitioner to present any basis he may have for equitable tolling to the extent he wishes to pursue his claims through a motion to vacate sentence pursuant to 28 U.S.C. § 2255 within thirty days.

**I.  BACKGROUND**

On July 24, 2006, Petitioner, Adonijah Lindsay, was charged by way of a criminal complaint with conspiracy to obstruct, delay, and affect interstate commerce in violation of 18 U.S.C. § 1951(b)(3) through the commission of several armed robberies committed with his

brother and others in New Jersey. (Docket No. 07-1032 at ECF No. 1). On November 28, 2006, then Magistrate Judge Arleo issued a writ of habeas corpus ad prosequendum directing the Morris County Jail in New Jersey to produce Petitioner for a preliminary hearing in his federal criminal matter arising out of that complaint. (Docket No. 07-1032 at ECF No. 11). The jail produced Petitioner for that appearance, and Petitioner's federal criminal case continued until he was indicted on December 21, 2007, on several charges of conspiracy to obstruct, delay, or affect interstate commerce by way of armed robbery related to the series of armed robberies he had committed with his brother as well as several federal weapons charges. (Docket No. 07-1032 at ECF No. 33).

On February 2, 2010, Petitioner pled guilty to two counts of that indictment – interference with commerce by threat or violence in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2 and knowing and willful use and possession of a firearm in furtherance of a crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2. (*See* Docket No. 07-1032 at ECF No. 74). Petitioner was ultimately sentenced to a total of 205 months imprisonment (121 months on the interference with commerce charge and 84 months on the weapons charge to be served consecutively) and Petitioner's final judgment of conviction was entered February 16, 2011. (*See* Docket No. 07-1032 at ECF No. 74, 77). Petitioner filed an appeal, and the Third Circuit Court of Appeals summarily affirmed Petitioner's conviction and sentence by way of an order issued on July 13, 2012. (Docket No. 07-1032 at ECF No. 96). Petitioner did not file a petition for certiorari, nor has Petitioner previously filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

On May 31, 2016, Petitioner filed in the Third Circuit a pro se filing which the Court of

2

Appeals construed as petition for a writ of habeas corpus, apparently brought pursuant to 28 U.S.C. § 2241. (*See* Document 1 attached to ECF No. 1). On June 7, 2016, the Third Circuit transferred that petition to this Court for lack of jurisdiction. (*Id.*). In his petition, Petitioner presents two arguments – that Judge Arleo was without authority to issue the writ of habeas corpus ad prosequendum directing the county jail to produce him for his federal criminal case, and that the United States Attorney was without authority to bring federal charges against him because he was initially arrested on state charges. (ECF No. 1).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b),[1] this Court is required to preliminarily review Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any

---

[1] To the extent that this Court will reconstrue the petition as a motion to vacate sentence pursuant to 28 U.S.C. § 2255, Rule 4 of the Rules Governing Section 2255 Proceedings grants this Court the same authority to screen and dismiss § 2255 motions.

3

habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B.   Analysis**

Petitioner seeks to challenge his conviction and sentence arising out of his 2012 judgment of conviction through his current petition for a writ of habeas corpus.   A challenge to the validity of a federal conviction or sentence such as that presented here must normally be brought pursuant to 28 U.S.C. § 2255.   *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction); *see also Jordan v. United States*, 615 F. App'x 764, 765 (3d Cir. 2015).   As the Court of Appeals has explained, "a federal prisoner can challenge his conviction or sentence under 28 U.S.C. § 2241 only if the remedy provided by 28 U.S.C. § 2255 is 'inadequate or ineffective' to test the legality of his or her detention."   *Concepcion v. Zickefoose*, 442 F. App'x 622, 623 (3d Cir. 2011) (quoting *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)). The § 2255 remedy is only inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255.   This exception is extremely narrow and applies only in rare circumstances."   *Id.* (internal quotations omitted); *see also Cradle*, 290 F. 3d at 538; *Okereke*, 307 F.3d at 120-21; *Dorsainvil*, 119 F.3d at 251-52 (applying the exception where an intervening change in law rendered the petitioner's conduct non-criminal and the petitioner had not received a previous opportunity to pursue that claim).   Section 2255 is therefore not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of

4

limitations has expired or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539; *see also Okereke*, 307 F.3d at 120 (quoting *Dorsainvil*, 119 F.3d at 251). The inadequate remedy safety valve "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Cradle*, 290 F.3d at 539.

Here, Petitioner attempts to assert claims which would question the jurisdiction of this Court to sentence him based on a magistrate judge's authority to issue a writ of habeas corpus ad proseqendum and the U.S. Attorney's authority to bring federal charges against him when he was originally arrested on state law charges. These claims, to the extent they have merit,[2] are not based on any change in case law which has rendered Petitioner's conduct non-criminal, nor any other exceptional circumstances. Indeed, nothing in Petitioner's petition suggests that these claims could not have been raised before the trial court, on direct appeal, or in a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. Because the claims Petitioner asserts could have been raised in a § 2255 motion, the § 2255 remedy is not inadequate or ineffective. That Petitioner may be personally barred from bringing a § 2255 motion because he cannot meet the statute's gatekeeping requirements does not alter this conclusion. *See Dorsainvil*, 119 F.3d at 251; *see also Cradle*, 290 F.3d at 539. As such, this Court may not consider this petition to the extent that it is raised under 28 U.S.C. § 2241. *See Cradle*, 290 F.3d at 538 (District Court may

---

[2] Although this Court need not and does not reach the merits of these claims here, it should be noted that the merits of Petitioner's claims are dubious at best. *See, e.g.,* Local Criminal Rule 5.1(l) (delegating this Court's authority to issue writs of habeas corpus ad prosequendum to magistrate judges); *see also Heath v. Alabama*, 474 U.S. 82, 88-89 (1985) (dual sovereignty doctrine permits two separate sovereigns, such as a state and the federal government, to each punish the same conduct where that conduct violates the laws of both sovereigns).

5

not entertain a petition under § 2241 attacking a conviction where the petitioner has failed to show that § 2255 is inadequate or ineffective).

Because Petitioner is barred from bringing his current challenge as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the question that remains is whether Petitioner could instead raise his current claims as a motion pursuant to 28 U.S.C. § 2255.  Such a reconstrual of Petitioner's petition as a motion to vacate his sentence does not save Petitioner's claims.  Motions to vacate sentence are subject to a one year statute of limitations which runs from the latest of several possible dates: the date on which the petitioner's conviction becomes final, the date on which an impediment to making his motion is removed, the date on which the Supreme Court first recognizes the claims raised where a claim is based on a newly recognized right made retroactive to cases on collateral review, or the date on which the facts supporting the claim first could have been discovered through due diligence.  28 U.S.C. § 2255(f)(1)-(4).  Because Petitioner's claims are not based on a newly recognized right, nor does Petitioner present any evidence that the facts supporting his claim were not discoverable or that any impediment prevented him from raising his claims, Petitioner's statute of limitation runs from the date on which his conviction became final.  *Id.*  Where a petitioner files a direct appeal, but does not file a petition for certiorari, that petitioner's conviction becomes final ninety days after the order of the Court of Appeals dismissing his appeal, when the time for the filing of a petition for certiorari has run.  *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999).

In this case, Petitioner filed a timely appeal, which was dismissed when the Third Circuit summarily affirmed by way of an order issued on July 13, 2012.  (Docket No. 07-1032 at ECF No. 96).  Petitioner's conviction therefore became final ninety days later, on October 11, 2012,

when the time for filing a petition for certiorari had elapsed.   *Kapral*, 166 F.3d at 577.  Petitioner's one year statute of limitation had therefore run, absent some form of equitable tolling, as of October 11, 2013.   Petitioner did not file his current petition with the Court of Appeals until the end of May 2016, some two and a half years after the statute had run.   Thus, unless there is some basis to toll the statute for two and a half years, Petitioner's petition would be untimely as a motion to vacate sentence, and would need to be dismissed as such.   *Id.*

As noted, the statute of limitations for motions to vacate is subject to equitable tolling where the circumstances so warrant.   Equitable tolling, however, "is a remedy which should be invoked 'only sparingly.'"   *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).   Tolling therefore only applies where a petitioner shows "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence."   *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).   Excusable neglect is insufficient to establish a basis for equitable tolling.   *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

Nothing in Petitioner's current filing suggests any basis for the tolling of the statute of limitations, let alone a basis for two and a half years of tolling.   As this Court can perceive no basis for equitable tolling, this Court must conclude that Petitioner's current petition, if reconstrued as a motion to vacate sentence, is time barred and must be dismissed as such.   Thus, even if this Court reconstrues the petition as a motion to vacate sentence it must still be

dismissed. This Court will therefore dismiss Petitioner's petition/motion to vacate without prejudice[3] as time barred.

### III. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus/motion to vacate sentence (ECF No. 1) will be dismissed without prejudice. Petitioner may, within thirty days of the date of the accompanying order, present this Court with any basis he may have for equitable tolling if he wishes to pursue his claims further. An appropriate order follows.


June 24, 2016                                             *s/ Susan D. Wigenton*
                                                          Hon. Susan D. Wigenton,
                                                          United States District Judge

---

[3] Because Petitioner does not argue any basis for tolling the statute of limitations, this Court will dismiss the petition/motion without prejudice, and will permit Petitioner to present any basis he may have for the tolling of the statute of limitations within thirty days. Even were Petitioner able to make a sufficient showing to establish that his case warrants two and a half years of tolling, however, this Court notes that Petitioner's claims are also most likely barred because he could have, but did not, raise his claims on direct appeal. *See See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *see also Parkin v. United States*, 565 F. App'x 149, 151-52 (3d Cir. 2014) (claims that could have been, but were not, raised on direct appeal are procedurally defaulted and may not be raised in a § 2255 motion unless the petitioner can show cause and actual prejudice for the default or that he is actually innocent of the charged crimes).