**\*NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| ADONIJAH LINDSAY, | : | |
| | : | Civil Action No. 16-3281 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Adonijah Lindsay's amended motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 challenging his criminal conviction and sentence. (ECF No. 1).  Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."   For the reasons set forth below, this Court will dismiss the petition with prejudice as time barred.

**I.  BACKGROUND**

This Court previously summarized the basic factual and procedural history of this matter in its opinion dismissing Petitioner's motion to vacate sentence/petition for a writ of habeas corpus as follows:

> On July 24, 2006, Petitioner, Adonijah Lindsay, was charged
> by way of a criminal complaint with conspiracy to obstruct, delay,
> and affect interstate commerce in violation of 18 U.S.C. §

1951(b)(3) through the commission of several armed robberies committed with his brother and others in New Jersey. (Docket No. 07-1032 at ECF No. 1). On November 28, 2006, then Magistrate Judge Arleo issued a writ of habeas corpus ad prosequendum directing the Morris County Jail in New Jersey to produce Petitioner for a preliminary hearing in his federal criminal matter arising out of that complaint. (Docket No. 07-1032 at ECF No. 11). The jail produced Petitioner for that appearance, and Petitioner's federal criminal case continued until he was indicted on December 21, 2007, on several charges of conspiracy to obstruct, delay, or affect interstate commerce by way of armed robbery related to the series of armed robberies he had committed with his brother as well as several federal weapons charges. (Docket No. 07-1032 at ECF No. 33).

On February 2, 2010, Petitioner pled guilty to two counts of that indictment – interference with commerce by threat or violence in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2 and knowing and willful use and possession of a firearm in furtherance of a crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2. (*See* Docket No. 07-1032 at ECF No. 74). Petitioner was ultimately sentenced to a total of 205 months imprisonment (121 months on the interference with commerce charge and 84 months on the weapons charge to be served consecutively) and Petitioner's final judgment of conviction was entered February 16, 2011. (*See* Docket No. 07-1032 at ECF No. 74, 77). Petitioner filed an appeal, and the Third Circuit Court of Appeals summarily affirmed Petitioner's conviction and sentence by way of an order issued on July 13, 2012. (Docket No. 07-1032 at ECF No. 96). Petitioner did not file a petition for certiorari, nor has Petitioner previously filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

On May 31, 2016, Petitioner filed in the Third Circuit a pro se filing which the Court of Appeals construed as petition for a writ of habeas corpus, apparently brought pursuant to 28 U.S.C. § 2241. (*See* Document 1 attached to ECF No. 1). On June 7, 2016, the Third Circuit transferred that petition to this Court for lack of jurisdiction. (*Id.*). In his petition, Petitioner present[ed] two arguments – that Judge Arleo was without authority to issue the writ of habeas corpus ad prosequendum directing the county jail to produce him for his federal criminal case, and that the United States Attorney was without authority to bring federal charges against him because he was initially arrested on state charges. (ECF No. 1).

2

(ECF No. 2 at 1-3).

On June 24, 2016, this Court entered an order and opinion screening Petitioner's purported habeas petition.   (ECF Nos. 2-3).   In that order and opinion, this Court concluded that Petitioner's habeas petition was improperly brought under 28 U.S.C. § 2241, and could only be considered as a motion to vacate sentence under 28 U.S.C. § 2255.   (ECF No. 2 at 3-5).   Reconstruing Petitioner's habeas petition as a motion to vacate sentence, this Court ultimately concluded that the claims that Petitioner wished to present were time barred absent some form of equitable tolling. (*Id.* at 6-8).   Because this Court perceived no basis for equitable tolling based on Petitioner's filings, this Court dismissed Petitioner's habeas petition/motion to vacate as time barred, but did so without prejudice, expressly permitting Petitioner to file a response within thirty days addressing any tolling arguments he may have.   (*Id.*).

On or about July 21, 2016, Petitioner submitted a response to the order and opinion.   (ECF No. 4).   In his response, Petitioner sought, for the first time, to raise a claim pursuant to *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (invalidating residual clause of the Armed Career Criminal Act), asserting that the residual clause of 18 U.S.C. § 924(c) was unconstitutionally vague, and that he was therefore actually innocent of one of the crimes for which he was convicted – use and possession of a firearm in furtherance of a crime of violence.   (*Id.*). Petitioner argued that his "actual innocence" of one of the crimes for which he was convicted would in turn allow him to bring his time barred claims, and that his statute of limitations should run from the date of the *Johnson* opinion, rather than the date of his final conviction.   (*Id.*). Petitioner further argued that he should receive further tolling for the time between the filing of

this Court's dismissal opinion and his reception and filing of a response because of the delay in the mail and some printing problems at the prison in which he is housed.   (*Id.*).

Because Petitioner in his response stated that he wished to proceed under § 2255, this Court entered an order administratively terminating this matter until such time as Petitioner had refiled his response on the form required by the local civil rules on August 1, 2016.   (ECF No. 5). Following an extension of time granted by this Court (ECF No. 7, 9), Petitioner filed two responses (ECF No. 8, 10), which used the correct form.   This Court therefore construes Petitioner's two responses (ECF No. 8, 10) as setting forth Petitioner's amended motion to vacate his sentence. As before, Petitioner's argument for escaping the time bar remains that his one year statute of limitations should run from the date of the *Johnson* opinion, rather than the date on which his conviction became final based on "actual innocence."   (ECF No. 10).   In his amended motion, Petitioner also asserts for the first time several claims of ineffective assistance of counsel and several claims in which he asserts that his sentencing was improper.   (*Id.*).

## II.  DISCUSSION

### A.  Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence.   Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate,

4

set aside or correct the sentence.

28 U.S.C. § 2255.  Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).  Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this Court must preliminarily review Petitioner's amended motion to vacate and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B.    Analysis**

**1.    An evidentiary hearing is not required to resolve Petitioner's claims**

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).  "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required."  *Judge*

*v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546.   Because all of Petitioner's claims are time barred for the reasons discussed below, Petitioner's amended motion to vacate sentence is clearly without merit and no evidentiary hearing is necessary to resolve his claims.

**2.   Petitioner's claims are time-barred**

As this Court has previously explained, Petitioner's motion to vacate sentence appears on its face to be time barred:

> Motions to vacate sentence are subject to a one year statute of limitations which runs from the latest of several possible dates: the date on which the petitioner's conviction becomes final, the date on which an impediment to making his motion is removed, the date on which the Supreme Court first recognizes the claims raised where a claim is based on a newly recognized right made retroactive to cases on collateral review, or the date on which the facts supporting the claim first could have been discovered through due diligence.   28 U.S.C. § 2255(f)(1)-(4).   Because Petitioner's claims are not based on a newly recognized right, nor does Petitioner present any evidence that the facts supporting his claim were not discoverable or that any impediment prevented him from raising his claims, Petitioner's statute of limitation runs from the date on which his conviction became final.   *Id.*   Where a petitioner files a direct appeal, but does not file a petition for certiorari, that petitioner's conviction becomes final ninety days after the order of the Court of Appeals dismissing his appeal, when the time for the filing of a petition for certiorari has run.   *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999).
>
> In this case, Petitioner filed a timely appeal, which was dismissed when the Third Circuit summarily affirmed by way of an order issued on July 13, 2012.   (Docket No. 07-1032 at ECF No. 96).   Petitioner's conviction therefore became final ninety days later, on October 11, 2012, when the time for filing a petition for

6

certiorari had elapsed.   *Kapral*, 166 F.3d at 577.   Petitioner's one year statute of limitation had therefore run, absent some form of equitable tolling, as of October 11, 2013.   Petitioner did not file his current petition with the Court of Appeals until the end of May 2016, some two and a half years after the statute had run.   Thus, unless there is some basis to toll the statute for two and a half years, Petitioner's petition would be untimely as a motion to vacate sentence, and would need to be dismissed as such.   *Id.*

As noted, the statute of limitations for motions to vacate is subject to equitable tolling where the circumstances so warrant. Equitable tolling, however, "is a remedy which should be invoked 'only sparingly.'"   *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).   Tolling therefore only applies where a petitioner shows "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence."   *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).   Excusable neglect is insufficient to establish a basis for equitable tolling.   *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

(ECF No. 2 at 6-8).

In response to his time bar problem, Petitioner first argues that his claims should be considered timely because he is actually innocent of one of the crimes for which he was convicted – use of a firearm in furtherance of a crime in violation of 18 U.S.C. § 924(c).   Petitioner bases this argument on *Johnson*, and asserts that because *Johnson* first recognized the basis for this claim, his statute of limitations should run from the date of *Johnson's* filing.   Even if Petitioner's *Johnson* argument accurately described the state of the law, Petitioner's claims would not be timely.

Pursuant to 28 U.S.C. § 2255(f)(3), one of the possible starting dates for the running of the one year statute of limitations for a § 2255 motion is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review." Under this section, a petitioner's one year limitations period runs from the date of the Supreme Court's initial opinion recognizing the right in question, and not from the date on which the Supreme or some other court made that right retroactive to collateral review cases.  *See Dodd v. United States*, 545 U.S. 343, 357-59 (2005).  Petitioner claims that the right he raises was first recognized in *Johnson*.  The Court entered its opinion in *Johnson* on June 26, 2015.  Petitioner did not raise his *Johnson* claim for the first time until he filed his response to the dismissal of his petition,[1] which he signed on July 21, 2016, more than a year after the *Johnson* opinion was issued.  As such, Petitioner's *Johnson* claim, to the extent that it had any merit, is itself time-barred absent equitable tolling as it was first raised *after* one year had passed following the issuance of *Johnson*.  *Dodd*, 545 U.S. at 357-58.

Petitioner's only argument for tolling the *Johnson* statute of limitations is that he did not receive the Opinion and Order dismissing his initial habeas petition until July 14, 2016, and had difficulty adjusting to the new prison to which he had been transferred shortly before that date. He also suggests that his new prison limited law library time, and had printing issues in July. These arguments, however, only deal with Petitioner's ability to file a *Johnson* claim *after* this

---

[1] Petitioner does not argue that his *Johnson* claim should relate back to the date of the filing of his initial application for a writ of error in the Third Circuit.  Even if he had done so, however, Petitioner's Johnson claim would not relate back to that original filing date as his *Johnson* claim is "separate in both time and type" from the jurisdictional claims raised in that first filing, and thus does not "ar[i]se out of the [same] conduct, transaction, or occurrence" as his original claims.  *See Mayle v. Felix*, 545 U.S. 644, 655-664 (2005); *see also* Fed. R. Civ. P. 15(c)(2). Because Petitioner's *Johnson* claim is unrelated to his originally raised jurisdictional claims, that claim does not relate back to the date of his original filing, and his *Johnson* claim for all time bar purposes is considered to have first been raised with the filing of his response to the dismissal of his original petition.  *Mayle*, 545 U.S. at 655-64.

Court's June 24, 2016, order and opinion.   As of June 26, 2016, the one year limitations period had already expired, so for all but two days of the time Petitioner requests this Court toll his *Johnson* period, that limitations period had already expired.   Petitioner presents no basis for the tolling of any of the time prior to the expiring of the one year *Johnson* limitations period other than the final two days of that period, and even if this Court were to toll the one year period by those two days, Petitioner's July 21, 2016, filing date would still be well and truly time-barred by more than three weeks.

Petitioner has presented no information suggesting that he was in any way barred from raising his *Johnson* claim between April and June 2016, and has thus neither shown that he was prevented from filing his *Johnson* claim in a timely fashion, nor that he pursued that claim diligently once the Supreme Court made *Johnson* retroactive to collateral cases in *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257 (2016) (filed April 18, 2016).   As such, Petitioner has presented no valid basis for the equitable tolling of the *Johnson* limitations period, and his *Johnson* claim is time barred.   *See Pabon*, 654 F.3d at 399 (Petitioner must show both extraordinary circumstances preventing him from filing and diligence to warrant equitable tolling).   Because his *Johnson* claim is itself time barred, it provides Petitioner no basis for relief, and he is therefore not "actually innocent" of his conviction for possession of a weapon in furtherance of a crime of violence. Petitioner's *Johnson* claim therefore does not provide a basis for tolling the statute of limitations or act as a gateway claim for Petitioner's remaining claims, which have all been time barred since October 11, 2013, some two and a half years before Petitioner first filed his motion to vacate sentence as a writ of error in the Court of appeals.   As Petitioner presents no alternative basis for the tolling of those two and a half years, those claims must also be dismissed with prejudice as

9

time-barred.   This Court must therefore dismiss Petitioner's amended motion to vacate sentence

in its entirety with prejudice as time-barred.

 Finally, this Court notes that even if Petitioner's *Johnson* claim were not time-barred, it

still would not provide Petitioner with a basis for relief, and would not in turn therefore make him

"actually innocent" sufficient to qualify as a gateway for his time-barred claims, *see, e.g.,*

*McQuiggan v. Perkins*, --- U.S. ---, ---, 133 S. Ct. 1924 (2013) (holding that a convincing claim of

actual, factual innocence will act as a gateway to permit a court to hear time-barred claims if the

petitioner can present "evidence of innocence so strong that a court cannot have confidence in the

outcome of the trial unless the court is also satisfied that the trial was free of non[-]harmless

constitutional error").   This is because Petitioner's *Johnson* claim is based on the faulty assertion

that Hobbs Act Robbery, to which he pled guilty, does not qualify as a crime of violence under the

elements clause of 18 U.S.C. § 924(c)(3).   Because Hobbs Act Robbery is clearly a crime of

violence under the elements clause of § 924(c), Petitioner's claim is without merit even if it were

true that *Johnson*'s invalidation of the Armed Career Criminal Act's residual clause in turn

invalidated the non-identical residual clause of § 924(c).   *See, e.g., United States v. Hill*, 832 F.3d

135, 140-145 (2d Cir. 2016) (Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) is a crime of

violence under elements clause and thus acts as a requisite crime of violence for a § 924(c)

conviction even if the residual clause is invalid); *In re Fleur*, 824 F.3d 1337, 1340-41 (11th Cir.

2016) (same); *United States v. Howard*, 650 F. App'x 466 (9th Cir. 2016, amended June 24, 2016)

(same); *but see United States v. Parnell*, --- F. App'x ---, 2016 WL 3230697 (3d Cir. June 13,

2016) (declining to decide whether *Johnson* invalidated residual clause of § 924(c) and declining

to determine whether Hobbs Act robbery qualifies as a crime of violence under the elements clause

of § 924(c)(3) because the petitioner would still be subject to conviction as the crimes at issue qualified as applicable drug trafficking crimes under § 924(c)(2)). Thus, even if Petitioner's *Johnson* claim were not time-barred, it would still be without merit as he pled guilty to the required crime of violence such that his conviction pursuant to § 924(c) was proper and constitutional, and he is thus not "actually innocent" of that crime. *Hill*, 832 F.3d at 140-45. Petitioner's *Johnson* argument is therefore without merit and provides no basis for tolling or avoiding the statute of limitations as to his remaining claims, and his amended motion would be clearly time barred even were his *Johnson* claim not itself time barred.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that all of Petitioner's claims are time-barred for the reasons expressed above,

Petitioner has failed to make a substantial showing of the denial of a constitutional right.  *Id.*
Petitioner shall therefore be denied a certificate of appealability.


## IV. CONCLUSION

For the reasons stated above, Petitioner's amended motion to vacate sentence (ECF Nos. 8, 10) shall be dismissed with prejudice as time barred, and Petitioner is denied a certificate of appealability.   An appropriate order follows.


Dated: November 1, 2016                                    __*s/ Susan D. Wigenton*_____
                                                           Hon. Susan D. Wigenton,
                                                           United States District Judge

12