***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ADONIJAH LINDSAY, | : : : : : : : : : : : | Civil Action No. 16-3281 (SDW) |
| Petitioner, | | |
| v. | | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

**IT APPEARING THAT:**

1. On May 31, 2016, Petitioner, Adonijah Lindsay, filed with the Third Circuit Court of Appeals a document which that court construed to be a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, which was subsequently transferred to this Court. (ECF No. 1).

2. On June 24, 2016, this Court entered an order and opinion screening Petitioner's purported habeas petition. (ECF Nos. 2-3). In that order and opinion, this Court concluded that Petitioner's habeas petition was improperly brought under 28 U.S.C. § 2241, and could only be considered as a motion to vacate sentence under 28 U.S.C. § 2255. (ECF No. 2 at 3-5). Reconstruing Petitioner's habeas petition as a motion to vacate sentence, this Court ultimately concluded that the claims that Petitioner wished to present were time barred absent some form of equitable tolling. (*Id.* at 6-8). Because this Court perceived no basis for equitable tolling based on Petitioner's filings, this Court dismissed Petitioner's habeas petition/motion to vacate as time barred, but did so without prejudice, expressly permitting Petitioner to file a response within thirty days addressing any tolling arguments he may have. (*Id.*).

3. On or about July 21, 2016, Petitioner submitted a response to the dismissal of his petition. (ECF No. 4). In his response, Petitioner sought, for the first time, to raise a claim pursuant to *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (invalidating residual clause of the Armed Career Criminal Act), asserting that the residual clause of 18 U.S.C. § 924(c) was unconstitutionally vague, and that he was therefore actually innocent of one of the crimes for which he was convicted – use and possession of a firearm in furtherance of a crime of violence. (*Id.*). Petitioner argued that his "actual innocence" of one of the crimes for which he was convicted would in turn allow him to bring his time barred claims, and that his statute of limitations should run from the date of the *Johnson* opinion, rather than the date of his final conviction. (*Id.*). Petitioner further argued that he should receive further tolling for the time between the filing of this Court's dismissal opinion and his reception and filing of a response because of the delay in the mail and some printing problems at the prison in which he is housed. (*Id.*).

4. Because Petitioner in his response stated that he wished to proceed under § 2255, this Court entered an order administratively terminating this matter until such time as Petitioner had refiled his response on the form required by the local civil rules on August 1, 2016. (ECF No. 5). Following an extension of time granted by this Court (ECF No. 7, 9), Petitioner filed two responses (ECF No. 8, 10), which used the correct form. This Court therefore construed Petitioner's two responses (ECF No. 8, 10) as setting forth Petitioner's amended motion to vacate his sentence. As before, Petitioner argued that he should be permitted to proceed not withstanding the time bar because his limitations period should have run from the date of the *Johnson* decision, and that *Johnson* rendered him "actually innocent" sufficient to otherwise evade the time bar. Petitioner also raised several new claims in these amended filings. (ECF Nos. 8, 10).

5.     On November 1, 2016, this Court entered an order and opinion dismissing Petitioner's amended motion to vacate as time barred.  (ECF Nos. 10-11).   In reaching that conclusion, this Court determined that Petitioner's *Johnson* claim was raised after the time for filing a *Johnson* claim had run, that Petitioner's *Johnson* claim did not relate back to the date of his original filing, and that even if Petitioner's *Johnson* claim were not itself time barred, it would still not prove his "actual innocence" as the crime for which Petitioner was convicted, Hobbes Act Robbery, was a crime of violence under the elements clause of § 924(c) and that Petitioner was therefore not innocent of the § 924(c) offense even if *Johnson* had, indeed, invalidated the residual clause of § 924(c).  (ECF No. 11 at 6-11, 8 n. 1).  This Court therefore dismissed Petitioner's amended motion to vacate with prejudice and denied Petitioner a certificate of appealability.   (*Id.* at 11-12).

6.     On December 5, 2016, Petitioner filed with this Court a motion for reconsideration, brought pursuant to Federal Rule of Civil Procedure 59(e), in which he sought to have this Court alter or amend its judgment.   (ECF No. 13).   In his motion, Petitioner argues as follows – that his *Johnson* claim should relate back to the date of his original filing, which he did not argue in any of his earlier filings; and that his *Johnson* based "actual innocence" claim should not be subject to the statute of limitations and that he should therefore be permitted to proceed on all of his claims because he "need only present a valid claim of actual innocence, rather than proof of actual innocence" to evade a dismissal on time bar grounds.   (*Id.*).

7.     The scope of a motion to amend a judgment pursuant to Rule 59(e) is extremely limited.  *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).   A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence."  *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration

3

shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)).   In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011).

   8.   Petitioner contends in his motion that this Court erred in dismissing his petition as time barred because his late raising of a *Johnson* claim should have related back to his original date of filing with the Third Circuit.   As this Court already explained in its opinion dismissing Petitioner's amended motion with prejudice, however,

> Petitioner [did] not argue that his *Johnson* claim should relate back to the date of the filing of his initial application for a writ of error in the Third Circuit [prior to the filing of his motion for reconsideration].   Even if he had done so [prior to the dismissal of his amended motion with prejudice], however, Petitioner's *Johnson* claim would not relate back to that original filing date as his *Johnson* claim is "separate in both time and type" from the jurisdictional claims raised in [Petitioner's original petition], and thus does not "ar[i]se out of the [same] conduct, transaction, or occurrence" as his original claims.   *See Mayle v. Felix*, 545 U.S. 644, 655-664 (2005); *see also* Fed. R. Civ. P. 15(c)(2).   Because Petitioner's *Johnson* claim is unrelated to his originally raised jurisdictional claims, that claim does not relate back to the date of his original filing, and his *Johnson* claim for all time bar purposes is considered to have first been raised with the filing of his response to the dismissal of his original petition.   *Mayle*, 545 U.S. at 655-64.

(ECF No. 11 at 8 n. 1).   While Petitioner disagrees with this conclusion in his motion, he has presented no valid basis for reconsideration because this Court's earlier conclusion was entirely

4

correct – because Petitioner's *Johnson* claim is separate in time and type from the claims raised in Petitioner's original filing, and in turn does not "ar[i]se out of the [same] conduct, transaction, or occurrence," Petitioner's *Johnson* claim does not relate back, and Petitioner's argument therefore must fail. *Mayle*, 545 U.S. at 655-64. Petitioner has failed to show that this conclusion arises out of a clear error of fact or law, or that it would work a manifest injustice, and has therefore failed to present any valid basis for reconsideration in this claim. *Blystone*, 664 F.3d at 415.

9.  Petitioner's final argument in his motion for reconsideration is that it works a manifest injustice for this Court to dismiss Petitioner's amended motion to vacate without allowing the Government to respond to his motion. Petitioner asserts that he is not required to *prove* actual innocence to survive screening, but merely present a colorable claim of actual innocence to warrant a response. Petitioner also contends that the Government may waive the statute of limitations as to his *Johnson* claim, and he should therefore be permitted to pursue the merits of his other claims, all of which are time barred by several years.

10.  Petitioner's argument, such as it is, is based on a faulty premise – that he has presented a colorable claim of actual innocence. As this Court clearly explained to Petitioner in its prior opinion,

> even if Petitioner's *Johnson* claim were not time-barred, it still would not provide Petitioner with a basis for relief, and would not in turn therefore make him "actually innocent" sufficient to qualify as a gateway for his time-barred claims, *see, e.g., McQuiggan v. Perkins*, --- U.S. ---, ---, 133 S. Ct. 1924 (2013) (holding that a convincing claim of actual, factual innocence will act as a gateway to permit a court to hear time-barred claims if the petitioner can present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non[-]harmless constitutional error"). This is because Petitioner's *Johnson* claim is based on the

5

> faulty assertion that Hobbs Act Robbery, to which he pled guilty, does not qualify as a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3). Because Hobbs Act Robbery is clearly a crime of violence under the elements clause of § 924(c), Petitioner's claim is without merit even if it were true that *Johnson*'s invalidation of the Armed Career Criminal Act's residual clause in turn invalidated the non-identical residual clause of § 924(c). *See, e.g., United States v. Hill*, 832 F.3d 135, 140-145 (2d Cir. 2016) (Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) is a crime of violence under elements clause and thus acts as a requisite crime of violence for a § 924(c) conviction even if the residual clause is invalid); *In re Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016) (same); *United States v. Howard*, 650 F. App'x 466 (9th Cir. 2016, amended June 24, 2016) (same); *but see United States v. Parnell*, --- F. App'x ---, 2016 WL 3230697 (3d Cir. June 13, 2016) (declining to decide whether *Johnson* invalidated residual clause of § 924(c) and declining to determine whether Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3) because the petitioner would still be subject to conviction as the crimes at issue qualified as applicable drug trafficking crimes under § 924(c)(2)). Thus, even if Petitioner's *Johnson* claim were not time-barred, it would still be without merit as he pled guilty to the required crime of violence such that his conviction pursuant to § 924(c) was proper and constitutional, and he is thus not "actually innocent" of that crime. *Hill*, 832 F.3d at 140-45. Petitioner's *Johnson* argument thus is without merit and provides no basis for tolling or avoiding the statute of limitations as to his remaining claims[.]

(ECF No. 11 at 10-11).

11. As this Court explained to Petitioner, Hobbs Act robbery, the crime to which Petitioner pled guilty and which ultimately served as the crime of violence underpinning his 18 U.S.C. § 924(c) conviction is categorically a crime of violence under the elements clause of the statute and therefore Petitioner's conviction stands even if the residual clause of § 924(c) has been invalidated. *Hill*, 832 F.3d at 140-45; *see also United States v. Robinson*, 844 F.3d 137, 151 (3d Cir. 2016) (Fuentes, J., concurring in the judgement, finding Hobbs Act robbery to categorically

be a crime of violence under § 924(c)'s elements clause).[1]  Petitioner therefore has not shown even a colorable claim of actual innocence as to his § 924(c) conviction as that conviction remains entirely proper under the elements clause given his guilty plea to Hobbs Act robbery.  As such, Petitioner has failed to show that he has even a colorable claim of actual innocence which would be sufficient to even arguably act as a gateway claim for his other claims which are all time barred by several years.  Petitioner has therefore failed to show that this Court's prior decision contains a clear error of fact or law, or that it works a manifest injustice.  Petitioner has thus failed to show any valid basis for reconsideration of this Court's prior Order and Opinion, and Petitioner's Rule 59(e) motion is denied.  *Blystone*, 664 F.3d at 415.

      12.   In conclusion, Petitioner's motion for reconsideration (ECF No. 13) is DENIED.  An appropriate order follows.


Dated: January 30, 2017

                                         *s/ Susan D. Wigenton*
                                         Hon. Susan D. Wigenton,
                                         United States District Judge

---

[1] Although Judge Fuentes in his concurring opinion reached the question of whether Hobbs Act robbery itself is always a crime of violence under the residual clause, the majority in *Robinson* instead held that such a robbery is a crime of violence specifically in Robinson's case, regardless of whether it is categorically a crime of violence in all cases.  The majority thus did not need to, and chose not to, reach the broader question addressed by Judge Fuentes.  *See* 844 F.3d at 142-44.