*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ADONIJAH LINDSAY, | : | |
| | : | Civil Action No. 16-3281 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | MEMORANDUM OPINION |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

IT APPEARING THAT:

1. On May 31, 2016, Petitioner, Adonijah Lindsay, filed with the Third Circuit Court of Appeals a document which that court construed to be a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, which was subsequently transferred to this Court. (ECF No. 1).

2. On June 24, 2016, this Court entered an order and opinion screening Petitioner's purported habeas petition. (ECF Nos. 2-3). In that order and opinion, this Court concluded that Petitioner's habeas petition was improperly brought under 28 U.S.C. § 2241, and could only be considered as a motion to vacate sentence under 28 U.S.C. § 2255. (ECF No. 2 at 3-5). Reconstruing Petitioner's habeas petition as a motion to vacate sentence, this Court ultimately concluded that the claims that Petitioner wished to present were time barred absent some form of equitable tolling. (*Id.* at 6-8). Because this Court perceived no basis for equitable tolling based on Petitioner's filings, this Court dismissed Petitioner's habeas petition/motion to vacate as time barred, but did so without prejudice, expressly permitting Petitioner to file a response within thirty days addressing any tolling arguments he may have. (*Id.*).

3. On or about July 21, 2016, Petitioner submitted a response to the dismissal of his petition. (ECF No. 4). In his response, Petitioner sought, for the first time, to raise a claim pursuant to *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (invalidating residual clause of the Armed Career Criminal Act), asserting that the residual clause of 18 U.S.C. § 924(c) was unconstitutionally vague, and that he was therefore actually innocent of one of the crimes for which he was convicted – use and possession of a firearm in furtherance of a crime of violence. (*Id.*). Petitioner argued that his "actual innocence" of one of the crimes for which he was convicted would in turn allow him to bring his time barred claims, and that his statute of limitations should run from the date of the *Johnson* opinion, rather than the date of his final conviction. (*Id.*). Petitioner further argued that he should receive further tolling for the time between the filing of this Court's dismissal opinion and his reception and filing of a response because of the delay in the mail and some printing problems at the prison in which he is housed. (*Id.*).

4. Because Petitioner stated in his response that he wished to proceed under § 2255, this Court entered an order administratively terminating this matter until such time as Petitioner had refiled his response on the form required by the local civil rules on August 1, 2016. (ECF No. 5). Following an extension of time granted by this Court (ECF No. 7, 9), Petitioner filed two responses (ECF No. 8, 10), which used the correct form. This Court therefore construed Petitioner's two responses (ECF No. 8, 10) as setting forth Petitioner's amended motion to vacate his sentence. As before, Petitioner argued that he should be permitted to proceed notwithstanding the time bar because his limitations period should have run from the date of the *Johnson* decision, and that *Johnson* rendered him "actually innocent" sufficient to otherwise evade the time bar. Petitioner also raised several new claims in these amended filings. (ECF Nos. 8, 10).

5. On November 1, 2016, this Court entered an order and opinion dismissing Petitioner's amended motion to vacate as time barred. (ECF Nos. 10-11). In reaching that conclusion, this Court determined that Petitioner's *Johnson* claim was raised after the time for filing a *Johnson* claim had run, that Petitioner's *Johnson* claim did not relate back to the date of his original filing, and that even if Petitioner's *Johnson* claim were not itself time barred, it would still not prove his "actual innocence" as the crime for which Petitioner was convicted, Hobbs Act Robbery, was a crime of violence under the elements clause of § 924(c) and that Petitioner was therefore not innocent of the § 924(c) offense even if *Johnson* had, indeed, invalidated the residual clause of § 924(c). (ECF No. 11 at 6-11, 8 n. 1). This Court therefore dismissed Petitioner's amended motion to vacate with prejudice and denied Petitioner a certificate of appealability. (*Id.* at 11-12).

6. On December 5, 2016, Petitioner filed with this Court a motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 13).

7. This Court denied that motion by way of an order and opinion issued on January 30, 2017. (ECF Nos. 14-15).

8. Petitioner thereafter appealed, and the Third Circuit denied him a certificate of appealability on July 7, 2017, finding that

> Jurists of reason would not find it debatable . . . that appellant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 was untimely filed[;] that his claim pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), does not "relate back"; that equitable tolling was unwarranted; and that his actual innocence argument is insufficient under *McQuiggan v. Perkins*, 133 S. Ct. 1924, 1928 (2013), to serve as a gateway through which he may overcome the statute of limitation, *see United States v. Robinson*, 844 F.3d 137, 151 (3d Cir. 2016).

(ECF No. 18 at 2).

9. More than a year and a half after this Court dismissed Petitioner's § 2255 motion as time barred and some fifteen months after this Court denied Petitioner's reconsideration, Petitioner filed his current motion in which he seeks relief from the dismissal of his § 2255 motion pursuant to Rule 60(b)(4) and 60(b)(6). (ECF No. 20). In his motion, Petitioner essentially argues that *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204 (2018), presents an intervening change in the law that is either sufficient to reset the running of the statute of limitations as to Petitioner's *Johnson* claim or is sufficient to render Petitioner "actually innocent" of one of the crimes of which he was convicted and should thus permit him to evade the time bar in any event.

10. Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief from a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

11. In his current motion, Petitioner attempts to assert a claim not raised in his previously dismissed motion to vacate sentence – that the Supreme Court's recent decision in *Dimaya* presents an intervening change in the law which renders one of his convictions non-criminal. In *Gonzalez*, the Supreme Court held that where a petitioner's Rule 60(b) motion contains a new claim for relief which was not presented in the petitioner's original habeas filing, such as a claim arising out of "a subsequent change in substantive law" or a new rule of law made retroactive to collateral review cases, that motion, although styled as a Rule 60(b) motion, is, in fact, a second or successive habeas petition which must be dismissed unless the petitioner has first secured leave from the appropriate Court of Appeals. 545 U.S. at 530-32; *see also* 28 U.S.C. § 2255(h). Because Petitioner's claim that *Dimaya* renders him actually innocent was not contained in his previous petition, his current Rule 60(b) motion is in fact a second or successive § 2255 motion brought without leave of the Court of Appeals, and this Court must therefore dismiss Petitioner's Rule 60(b) motion without prejudice.[1]

12. Even were this Court to construe Petitioner's motion not to be raising a new claim pursuant to *Dimaya* but instead to be merely reiterating the same *Johnson* claim that this Court previously dismissed as time barred with *Dimaya* as added support, however, Petitioner would still not be entitled to relief on his Rule 60(b) motion. To the extent Petitioner asserts that his claims

---

[1] Because Petitioner's *Dimaya* claim is not based on any new evidence and because the Supreme Court has not held *Dimaya* to be a new rule of constitutional law of retroactive application, Petitioner's Rule 60(b) motion/second or successive motion to vacate sentence cannot meet the gatekeeping requirements of § 2255(h) which would permit the Court of Appeals to grant him leave to proceed, as such this Court finds it would not be in the interests of justice to transfer Petitioner's motion to the Third Circuit for consideration as a petition for leave to file a successive motion to vacate. *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015).

are now timely because the *Dimaya* decision was issued less than one year ago, the Court notes that a new Supreme Court decision will only reset a prisoner's § 2255 statute of limitations when that Supreme Court decision recognized a new rule of constitutional law and the decision is "made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(d)(1)(C). *Dimaya* did not announce a new rule of constitutional law – the Court in issuing that decision specifically stated that *Dimaya* was no more than a "straightforward application" of the rule announced in *Johnson*. *See* 138 S. Ct. at 1213. Thus, the case did not introduce a new rule of law but merely applied *Johnson*. As such, and because *Dimaya* has not been rendered retroactive to collateral review cases, *Dimaya* does not save Petitioner's § 2255 claims from being time barred.

13. Likewise, Petitioner's "actual innocence" claim is not improved by the ruling in *Dimaya*. As this Court explained to Petitioner, and as the Third Circuit reiterated in denying Petitioner a certificate of appealability, Hobbs Act Robbery, the "crime of violence" of which Petitioner was convicted, *is* categorically a crime of violence under the element's clause of 18 U.S.C. § 924(c)(3), and thus Petitioner is not actually innocent even assuming *arguendo* that *Johnson* and *Dimaya* render the residual clause of § 924(c)(3)(B) unconstitutionally vague. *See United States v. Hill*, 832 F.3d 135, 140-145 (2d Cir. 2016) (Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) is a crime of violence under elements clause and thus acts as a requisite crime of violence for a § 924(c) conviction even if the residual clause is invalid); *In re Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016) (same); *United States v. Howard*, 650 F. App'x 466 (9th Cir. 2016, amended June 24, 2016) (same); *Robinson*, 844 F.3d at 151 (Fuentes, J., concurring). (*See also* ECF No. 18 at 2). Thus, Petitioner is not "actually innocent" of the § 924(c) charge even assuming *Dimaya* renders § 924(c)(3)(B) void for vagueness, and Petitioner's Rule 60(b) motion is utterly

without merit.

14. In conclusion, Petitioner's motion to vacate judgment (ECF No. 20) is DISMISSED WITHOUT PREJUDICE to the extent it represents a second or successive § 2255 motion and is DENIED to the extent it is properly brought pursuant to Rule 60(b).   An appropriate order follows.


Dated: July 10, 2018                                     *s/ Susan D. Wigenton*
                                                        Hon. Susan D. Wigenton,
                                                        United States District Judge